## RINO GNESI COMPANY, INC. *v.* SEBASTIAN SBRIGLIO ET AL.
### (AC 25476)

Schaller, Gruendel and Hennessy, Js.

Argued April 18—officially released October 10, 2006

*David S. Hoopes*, with whom was *Elizabeth A. Cipriano*, for the appellant (plaintiff).

*John C. Lewis III*, for the appellees (defendants).

*Opinion*

GRUENDEL, J. The plaintiff, Rino Gnesi Company, Inc., appeals from the judgment of the trial court dismissing its action against the defendants, Sebastian Sbriglio and Angela Sbriglio, and denying its subsequent motion for reconsideration. The action arises from a promissory note, executed by the defendants in favor of the plaintiff, secured by a mortgage. Following a default in payment of the mortgage loan, the plaintiff brought a two count complaint seeking a foreclosure on the mortgage and a money judgment on the promissory note. The court subsequently dismissed the action, determining that it lacked subject matter jurisdiction to hear the complaint on the basis of mootness. On appeal, the plaintiff claims that the court, in granting the defendants' motion to dismiss, improperly determined that (1) its initial interlocutory ruling, which stated that the plaintiff could proceed on the foreclosure count only, was a final judgment from which the plaintiff failed to appeal or file a motion to reconsider, and (2) the promissory note had been discharged in bankruptcy, thus precluding the plaintiff from proceeding to a hearing in damages in rem to perfect its attachment lien. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the plaintiff's appeal. In August, 2000, the plaintiff brought an action against the defendants seeking to foreclose a mortgage on certain real estate owned by the defendants on Wethersfield Avenue in Hartford. In October, 2001, the plaintiff filed an amended complaint, adding a second count seeking damages under the promissory note. In connection with the amended complaint, the plaintiff obtained an ex parte prejudgment attachment lien against a second property owned by the defendants, which was located

on Cowles Street in Hartford.[1] The defendants then filed a motion to dissolve the attachment lien, which the court denied.

On January 22, 2002, the court granted the plaintiff's motion for summary judgment as to liability on both counts of the complaint. Subsequently, on July 12, 2002, the defendants filed a chapter 7 bankruptcy petition with the United States Bankruptcy Court for the District of Connecticut. On October 15, 2002, the defendants received a discharge in bankruptcy, relieving them from any and all personal liability under the note or on any deficiency. On November 27, 2002, the plaintiff claimed the foreclosure action to the hearing in damages list, seeking to enforce its attachment lien, which had been obtained before the defendants' July bankruptcy filing. The plaintiff noted that it sought to enforce the attachment lien in rem only and did not seek to enforce a money judgment against the defendants.

On February 11, 2003, the defendants filed a motion to remove the case from the hearing in damages list. The plaintiff filed an objection to the motion, which, on March 18, 2003, the court sustained, noting that the plaintiff could proceed on the foreclosure count only. In making this ruling, the court found: "Note has been discharged (2nd Count)." The court also scheduled the case for a hearing in damages on April 14, 2003. On April 14, 2003, however, the defendants filed a motion to dismiss, claiming that the case was moot because the Wethersfield Avenue property had been foreclosed through a judgment of strict foreclosure in a separate action[2] brought by the holder of a tax lien on the property. That judgment, the defendants argued, extinguished both the defendants' and the plaintiff's legal rights with respect to the Wethersfield Avenue property.

[1] The original note contained a standard commercial waiver by which the defendants consented to the attachment of other property.

[2] Both the plaintiff and the defendants were parties to the tax foreclosure.

On November 5, 2003, the court granted the defendants' motion to dismiss the case on the ground that the remaining foreclosure count of the complaint had been rendered moot by the judgment of foreclosure on the Wethersfield Avenue property. On November 13, 2003, the plaintiff filed a motion for reconsideration of the court's decision, acknowledging that the count seeking to foreclose on the Wethersfield Avenue property was moot, but claiming that the second count, on the note, was still viable. The plaintiff argued that it was attempting to proceed to a hearing in damages only for the limited purpose of enforcing its attachment lien on the Cowles Street property in rem by reducing it to a judgment.[3]

On May 6, 2004, the court filed a memorandum of decision in which it denied the motion for reconsideration. The court noted in its decision that its March 18, 2003 order was, in effect, a final judgment as to the second count of the complaint seeking damages under the note. On May 25, 2004, the plaintiff filed this appeal.[4]

[3] On June 30, 2000, prior to the defendants' bankruptcy petition, the defendants transferred title to the Cowles Street property to their daughter. On August 12, 2003, subsequent to the plaintiff's attachment of the same property, the defendants filed a motion to avoid the attachment, claiming that it impaired their homestead exemption. On March 1, 2004, the United States Bankruptcy Court for the District of Connecticut denied the defendants' motion. The court determined that the defendants, having transferred title to the Cowles Street property to their daughter, retained no ownership interest in the property on the date of their bankruptcy petition. The defendants, therefore, were not entitled to a homestead exemption in order to avoid the fixing of the plaintiff's attachment on the property. On the contrary, the court found that title to the property on the date of the defendants' bankruptcy was in the daughter, subject to the plaintiff's attachment. See *In re Sbriglio*, 306 B.R. 445, 448 (Bankr. D. Conn. 2004).

[4] Thereafter, on July 2, 2004, the plaintiff filed a motion for articulation of the court's orders granting the motion to dismiss and denying the motion for reconsideration. The court denied the motion for articulation on July 29, 2004, and on August 12, 2004, the plaintiff filed a motion for review of the court's denial, which this court granted. On December 27, 2004, the court filed its articulation in which it explained why the plaintiff could not proceed to a hearing in damages to reduce its attachment lien to a judgment. For further discussion on the court's articulation, see footnote 9.

The plaintiff claims on appeal that the court improperly sustained the defendants' motion to dismiss the complaint. First, it argues that the court improperly determined that its March 18, 2003 order, which sustained the objection to the defendants' motion to remove the case from the hearing in damages list, was a final judgment. As such, the plaintiff claims that it was not obligated to appeal from the order and that the court's subsequent refusal to reconsider its November 5, 2003 decision dismissing the case was improper. Second, the plaintiff argues that the court improperly determined that the note had been discharged in bankruptcy. Because it obtained an attachment lien on a second property before the defendants filed a petition in bankruptcy, the plaintiff argues that it was entitled to proceed in rem to a hearing in damages to perfect the attachment lien. We agree with the plaintiff on both claims.

We set forth our standard of review. "The standard of review of a [challenge to a court's granting of a] motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Lawton* v. *Weiner*, 91 Conn. App. 698, 705, 882 A.2d 151 (2005).

I

We first consider whether the court's denial of the motion to remove the case from the hearing in damages list constitutes an appealable final judgment. "As a general rule, an interlocutory ruling may not be appealed

pending the final disposition of a case." *Chadha* v. *Charlotte Hungerford Hospital,* 272 Conn. 776, 784, 865 A.2d 1163 (2005). The denial of a motion to remove a case from a hearing in damages list ordinarily is an interlocutory ruling and, accordingly, is not a final judgment for purposes of appeal. The question before us, however, is whether the form or the content of the trial court's March 18, 2003 order removes it from the general rule.

The following additional facts are relevant to the plaintiff's claim. The court's March 18, 2003 order sustaining the plaintiff's objection to the motion to remove the case from the hearing in damages list contained the following statement: "Plaintiff may proceed on foreclosure count only. Note has been discharged (2nd Count). Case continued to 4/14/03." Subsequent to this order, the court dismissed the plaintiff's complaint on the ground that the remaining foreclosure count of the complaint had been rendered moot.

In its May 6, 2004 memorandum of decision denying the plaintiff's motion for reconsideration, the court noted that its March 18, 2003 order was, in effect, a ruling dismissing the second count of the complaint in which the plaintiff sought damages under the note. The court further stated that (1) if the plaintiff disagreed with the ruling, it should have filed a motion to reconsider or an appeal and (2) the court did not have the power to reconsider its March 18, 2003 order because the plaintiff failed to file a motion to open that "judgment" within four months, as required under Practice Book § 17-4 (a).

"A judgment that disposes of only a part of a complaint is not a final judgment. . . . Our rules of practice, however, set forth certain circumstances under which a party may appeal from a judgment disposing of less than all of the counts of a complaint. Thus, a party may appeal if the partial judgment disposes of all

causes of action against a particular party or parties; see Practice Book § 61-3;[5] or if the trial court makes a written determination regarding the significance of the issues resolved by the judgment and the chief justice or chief judge of the court having appellate jurisdiction concurs. See Practice Book § 61-4 (a)."[6] (Internal quotation marks omitted.) *Kelly* v. *New Haven*, 275 Conn. 580, 594, 881 A.2d 978 (2005). Neither of these exceptions applies to this case.

First, the court's March 18, 2003 order did not dispose of all causes of action against the defendants. The order specifically stated that the "[p]laintiff may proceed on foreclosure count only." Although the court subsequently determined that the foreclosure count was moot, this claim was still outstanding at the time of the March 18, 2003 order. Furthermore, having secured an attachment lien against the defendants' second property, the plaintiff still maintained an action in rem on the note.[7] Second, neither the trial court nor this court made any written determination pursuant to Practice Book § 61-4 (a) regarding the significance of the issues presented in this case. The court's March 18, 2003 order, therefore, does not meet either standard and is not a final judgment according to our rules of practice.

[5] Practice Book § 61-3 provides in relevant part: "A judgment disposing of only a part of a complaint, counterclaim, or cross complaint is a final judgment if that judgment disposes of all causes of action in that complaint, counterclaim, or cross complaint brought by or against a particular party or parties. . . ."

[6] Practice Book § 61-4 (a) provides in relevant part: "When the trial court renders a judgment to which this section applies, such judgment shall not ordinarily constitute an appealable final judgment. Such a judgment shall be considered an appealable final judgment only if the trial court makes a written determination that the issues resolved by the judgment are of such significance to the determination of the outcome of the case that the delay incident to the appeal would be justified, and the chief justice or chief judge of the court having appellate jurisdiction concurs. . . ."

[7] See our discussion in part II of the plaintiff's second claim, which is that the court improperly determined that the note had been discharged in bankruptcy.

This conclusion, however, does not end our inquiry as to whether the March 18, 2003 order was a final judgment. "An otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). In the present case, neither prong of the *Curcio* test is satisfied.

Under the first prong, the court's March 18, 2003 order stating that the plaintiff could proceed only on the foreclosure count, and not on the count seeking damages on the note, did not terminate a separate and distinct proceeding. On the contrary, both counts were steps along the road to a final judgment on the entire complaint. See *State* v. *Parker*, 194 Conn. 650, 653, 485 A.2d 139 (1984). The defendants argue that the court's order satisfies the first prong of *Curcio* because the order "terminated the action on the note, and the action on the note is, pursuant to Connecticut foreclosure laws, a separate and distinct cause of action from the foreclosure." While we agree that foreclosing on a mortgage and pursuing the amount due on a promissory note are separate and distinct causes of action,[8] we do not agree that they necessarily are separate and distinct *proceedings*. Rather, "[t]he mortgagee may . . . pursue [an action to foreclose and action on a note] simultaneously in one consolidated foreclosure suit." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 206, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995). We consider the

---

[8] "It is well established that a mortgagee has two separate and distinct causes of action against a defaulting mortgagor. A mortgagee may pursue an action at law for the amount due on the promissory note, or it may pursue its remedy in equity and foreclose on the mortgage." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 206, 660 A.2d 358, cert. denied, 235 Conn. 903, 665 A.2d 901 (1995).

plaintiff's amended complaint, which included both a count to foreclose on the mortgage and a count to collect damages on the note, to fall under one proceeding that was not terminated by the court's March 18, 2003 order.

Under the second prong of *Curcio*, the court's March 18, 2003 order did not so conclude the parties' rights such that further proceedings could not affect them. "In applying this prong of the *Curcio* test, our focus is on whether appellate review is necessary [in order] to prevent the irreparable loss of a cognizable legal right. . . . An essential predicate to the applicability of this prong is the identification of jeopardy to [either] a statutory or constitutional right that the interlocutory appeal seeks to vindicate." (Citation omitted; internal quotation marks omitted.) *Gorelick* v. *Montanaro*, 94 Conn. App. 14, 33, 891 A.2d 41 (2006). Here, in light of our determination that the court improperly dismissed the plaintiff's complaint, the parties will have the appellate opportunity to challenge all of the court's subsequent findings of fact and conclusions of law. "That course to appellate review is consistent with the well established policy behind the final judgment rule, which is to avoid piecemeal appeals." Id. We therefore observe no risk of loss of any cognizable right should either party pursue appellate review following final adjudication.

For the foregoing reasons, we conclude that the court's March 18, 2003 order is not a final judgment. The court, therefore, improperly determined that the plaintiff was required to file an appeal of, or a motion to reconsider, such order.

II

We next address whether the court improperly determined that the promissory note had been discharged in bankruptcy, thus preventing the plaintiff from proceeding to a hearing in damages. The plaintiff argues

that because it obtained an attachment lien of a second property before the defendants' bankruptcy petition was filed, it was entitled to proceed in rem to a hearing in damages to perfect the lien. We agree with the plaintiff.

On February 10, 2003, the defendants filed a motion to remove the case from the hearing in damages list on the ground that they had obtained a discharge in bankruptcy on October 15, 2002. As a result, the defendants claim, any debts between the two parties, including debts owed by the defendants to the plaintiff on the mortgage and promissory note, were discharged. The plaintiff filed an objection to that motion on the ground that the attachment lien it had filed on November 9, 2001, had survived the bankruptcy discharge, and, therefore, it was entitled to proceed to a hearing in damages in rem for the limited purpose of obtaining judgment to perfect its attachment lien. Although the trial court sustained the plaintiff's objection, it noted that the plaintiff could proceed on the foreclosure count only because it believed the debt on the note had been discharged in bankruptcy.

On April 14, 2003, however, the defendants filed a motion to dismiss, claiming that the case was moot because the Wethersfield Avenue property had been foreclosed through a judgment of strict foreclosure in a separate action brought by the holder of a tax lien on the property. We agree that the judgment in that separate action extinguished the legal rights of both the plaintiff and the defendants with respect to the Wethersfield Avenue property, but we do not agree that it caused the present case to become moot. Rather, the plaintiff continued to have a viable claim after the foreclosure of the Wethersfield Avenue property by virtue of its attachment on the Cowles Street property pursuant to the note.

"In Connecticut, a prejudgment attachment [lien] is a provisional remedy afforded to a claimant to secure satisfaction of a judgment in the future. . . . A majority of cases has held that the Bankruptcy Code and its legislative history plainly establish that valid liens that have not been disallowed or avoided survive the bankruptcy discharge of the underlying debt. . . . A long line of cases . . . allows a creditor with a loan secured by a lien on assets of the debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt. . . . A valid judicial lien is not affected by a discharge in bankruptcy. [T]he discharge in bankruptcy does not extinguish the underlying debt. It only prevents [the] debtor from being personally liable for the discharged debt and forecloses collection of any deficiency judgment, thereby limiting the claimant to enforce its collection efforts in in rem actions against property subject to a valid, prebankruptcy lien guaranteeing payment of the debt." (Citations omitted; internal quotation marks omitted.) *Shawmut Bank* v. *Brooks Development Corp.*, 46 Conn. App. 399, 410–11, 699 A.2d 283 (1997).

In this case, the defendants did not file their bankruptcy petition until July 12, 2002, at which time the plaintiff had already obtained an attachment lien against the defendants' second property. Although the plaintiff no longer could pursue a personal claim against the defendants for the balance of the debt owed, it nonetheless could pursue its claim to perfect the attachment lien. Furthermore, the fact that the plaintiff sought to perfect its attachment lien after, as opposed to before, the filing of the defendants' bankruptcy petition does not affect its right to secure satisfaction of the debt. "[I]f the lien attaches prior to the period within which the bankruptcy trustee can avoid it as a preference, it need not be perfected in order to survive a discharge in

bankruptcy of the underlying indebtedness." (Internal quotation marks omitted.) Id., 413.

Ultimately, the bankruptcy petition and the discharge in bankruptcy of the defendants' individual debts should not have had any effect on the power of the court to render judgment in this case. Therefore, although the plaintiff's foreclosure action was moot because its mortgage had been extinguished by a senior encumbrance, its action on the note was viable at all times.[9] Accordingly, the court improperly granted the defendants' motion to dismiss on the ground of mootness.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

---

[9] We also note that the court based its March 18, 2003 order dismissing the plaintiff's claim on the promissory note under the misinformed belief that the plaintiff had not obtained a prejudgment attachment lien. In its December 27, 2004 articulation ordered by this court, the trial court noted that, in making its determination on the defendant's second count on the note in the March 18, 2003 order, it "investigated the status of [the note] in the Bankruptcy Court and was advised that the note was designated as unsecured and discharged." In the same articulation, however, the court stated that "this court determined that the information it had previously received as to the unsecured nature of the note was, in fact, incorrect and that the lien filed by the plaintiff was viable." The court, therefore, improperly determined that the plaintiff's attachment lien could not be enforced in rem.