******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

HSBC BANK USA, N.A., TRUSTEE
*v.* MARK A. HALLUMS
(AC 39955)

Lavine, Bright and Bishop, Js.

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property
owned by the defendant. After the trial court rendered a judgment of
strict foreclosure, the defendant appealed to this court, claiming, inter
alia, that the trial court improperly rendered a judgment when the plain-
tiff lacked standing. *Held*:

1. The defendant's claim that the plaintiff lacked standing was unavailing;
the trial court found that the plaintiff was the holder of the note, endorsed
in blank, and that it had been assigned the mortgage, those findings
were supported by the record evidence, and the defendant submitted
no proof that someone else was the owner of the note and mortgage.

2. The defendant could not prevail on his claim that the trial court lacked
jurisdiction to render a judgment of strict foreclosure after the defen-
dant's debt was discharged in bankruptcy; the defendant failed to provide
any authority to support his claim that, because he had listed his debt
to the plaintiff as unsecured in his bankruptcy filings, the debt and note
automatically became unsecured, despite the valid mortgage lien, as the
law is clear that liens that survive discharge in bankruptcy include the in
rem liability of mortgages, and a creditor's right to foreclose a mortgage
survives or passes through bankruptcy proceedings, and the defendant
could not avoid that conclusion by unilaterally describing his obligation
as "unsecured" in his bankruptcy filings despite a valid mortgage lien.

3. The defendant's claims that the trial court improperly refused to apply
the best evidence rule and the clean hands doctrine were unavailing,
there having been no merit to those claims.

Argued April 18—officially released July 3, 2018

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty owned by the defendant, and for other relief,
brought to the Superior Court in the judicial district
of Hartford, where the court, *Scholl, J.*, granted the
plaintiff's motion for summary judgment as to liability
only; thereafter, the court, *Dubay, J.*, rendered a judg-
ment of strict foreclosure; subsequently, the court,
*Dubay, J.*, denied the defendant's motion for reconsid-
eration, and the defendant appealed to this court.
*Affirmed.*

*Mark A. Hallums*, self-represented, the appellant
(defendant).

*Christa A. Menge*, with whom, on the brief, was *Jona-
than A. Adamec*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Mark A. Hallums, appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, HSBC Bank USA, N.A., as Trustee for the Registered Holders of Nomura Home Equity Loan, Inc. On appeal, the defendant claims that the court improperly: (1) rendered a judgment when the plaintiff lacked standing in the case; (2) rendered a judgment in the absence of jurisdiction because there was no state law right to pursue a foreclosure action in light of the defendant's discharge of the debt in bankruptcy; and (3) refused to apply the best evidence rule and the clean hands doctrine. We affirm the judgment of the trial court.

The following facts inform our review. In March, 2011, the plaintiff commenced an action seeking a judgment of strict foreclosure against the defendant, to which the defendant responded. On January 14, 2016, the trial court rendered summary judgment as to liability, finding that the plaintiff was in possession of the note, which was endorsed in blank, and that the plaintiff had been assigned the mortgage. The court also found that the defendant was in default on the payments due under the note. The record supports those findings. On November 14, 2016, the court rendered a judgment of strict foreclosure, with a law day of February 6, 2017. On November 21, 2016, the defendant filed a motion for reconsideration, which the court denied. This appeal followed.

The defendant first claims that the plaintiff lacks standing in the case. We disagree. "The rules for standing in foreclosure actions when the issue of standing is raised may be succinctly summarized as follows. When a holder seeks to enforce a note through foreclosure, the holder must produce the note. The note must be sufficiently endorsed so as to demonstrate that the foreclosing party is a holder, either by a specific endorsement to that party *or by means of a blank endorsement to bearer*. If the foreclosing party shows that it is a valid holder of the note and can produce the note, it is presumed that the foreclosing party is the rightful owner of the debt. That presumption may be rebutted by the defending party, but the burden is on the defending party to provide sufficient proof that the holder of the note is not the owner of the debt, for example, by showing that ownership of the debt had passed to another party. It is not sufficient to provide that proof, however, merely by pointing to some documentary lacuna in the chain of title that might give rise to the possibility that some other party owns the debt. In order to rebut the presumption, the defendant must prove that someone else is the owner of the note and debt. Absent that proof, the plaintiff may rest its standing to foreclose on its status as the holder of the note." (Emphasis altered; internal quotation marks omitted.)

*Aurora Loan Services, LLC* v. *Condron*, 181 Conn. App. 248, 254–55,        A.3d        (2018). As found by the trial court, and as supported by the record evidence, the plaintiff is the holder of the note, endorsed in blank, and it has been assigned the mortgage. The defendant has submitted no proof that someone else is the owner of the note and mortgage. Accordingly, the plaintiff has standing.

The defendant next claims that the trial court did not have jurisdiction to render a judgment of strict foreclosure in light of the defendant's discharge of the debt in bankruptcy. We disagree. "Subject matter jurisdiction involves the authority of the court to adjudicate *the type of controversy* presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . [T]his court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." (Emphasis added; internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Thompson*, 163 Conn. App. 827, 831, 136 A.3d 1277 (2016).

"[A] creditor with a loan secured by a lien on assets of the debtor who becomes bankrupt before the loan is repaid [has been allowed] to ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt. . . . A valid judicial lien is not affected by a discharge in bankruptcy. [T]he discharge in bankruptcy does not extinguish the underlying debt. It only prevents [the] debtor from being personally liable for the discharged debt and forecloses collection of any deficiency judgment, thereby limiting the claimant to enforce its collection efforts in in rem actions against property subject to a valid, prebankruptcy lien guaranteeing payment of the debt." (Internal quotation marks omitted.) *Rino Gnesi Co.* v. *Sbriglio*, 98 Conn. App. 1, 12, 908 A.2d 1, cert. denied, 280 Conn. 945, 912 A.2d 480 (2006).

Although the defendant contends that the bankruptcy discharge order somehow prevents the court from considering the plaintiff's action for a judgment of strict foreclosure, the law is to the contrary. Nevertheless, during oral argument, the defendant explained that he had listed his debt to the plaintiff as "unsecured" in his bankruptcy filings, and, because of that, the debt and the note automatically became unsecured, despite the valid mortgage lien. We are unaware of any law, federal or state, that invalidates a *mortgage lien* simply because the mortgagor lists *the debt* and the note as unsecured for purposes of bankruptcy, and the defendant points us to no such law.

Indeed, put simply, the law is quite clear that liens that survive discharge in bankruptcy include, among others, the in rem liability of mortgages. See *Johnson* v. *Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150,

115 L. Ed. 2d 66 (1991); 3 W. Norton & W. Norton, Bankruptcy Law and Practice (3d Ed. 2018) § 58:4. To that extent, the Bankruptcy Code provides that a creditor's right to foreclose a mortgage survives or passes through the bankruptcy because a discharge extinguishes only the in personam liability of the debtor, not the in rem liability. See *Johnson* v. *Home State Bank*, supra, 84 ("a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem"). As explained in 3 W. Norton & W. Norton, supra, § 58:4, the Bankruptcy Code "does not bar the creditor from enforcing a valid, prebankruptcy lien or security interest against property that has been retained by the estate or by the debtor after discharge. . . . Actions to collect against the debtor personally are enjoined. The creditor's action in enforcing a lien *is against the property and is an action in rem* with no recourse available against the debtor . . . ." (Emphasis added; footnotes omitted.) The defendant cannot avoid this conclusion by unilaterally describing in his bankruptcy filings his obligation as something it is not. We, therefore, conclude that the defendant's claim is without merit.

Finally, the defendant claims that the trial court refused to apply the best evidence rule and the clean hands doctrine to this case. He argues that the trial court "simply chose to ignore key evidence by ignoring that it exists." He also argues that the "loan was table-funded, which meant the transaction was predatory per se," and that, therefore, the court should have applied the clean hands doctrine. We have considered the defendant's arguments regarding these claims and conclude that they are baseless.

The judgment is affirmed.