# IN THE COURT OF APPEALS OF IOWA

No. 20-1227
Filed August 4, 2021

**HEIDI E. KOLL,**
     Plaintiff-Appellant,

**vs.**

**WELLS FARGO BANK, N.A.,**
     Defendant-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Coleman J. McAllister,

Judge.

Heidi Koll appeals an order dismissing her petition for declaratory judgment

and granting summary judgment to Wells Fargo Bank on the enforceability of its

mortgage lien following a bankruptcy discharge. **AFFIRMED.**

John P. Roehrick of Roehrick Law Firm, P.C., Des Moines, for appellant.

C. Anthony Crnic and Janelle G. Ewing of The Sayer Law Group, P.C.,

Waterloo, for appellee.

Heard by Bower, C.J., and Tabor and Ahlers, JJ.

**TABOR, Judge.**

Christopher and Heidi Koll filed for Chapter 7 bankruptcy in federal court, claiming their current residence as an exempt homestead. *See* Iowa Code § 561.16 (2018). Wells Fargo Bank did not object to the exemption despite holding a mortgage lien on the property for a home equity loan. The bankruptcy court granted the Kolls' discharge. Relying on that discharge order, Heidi sought a declaratory judgment in state court that the bank's mortgage lien was void and unenforceable. The district court decided the mortgage lien "passed through" the bankruptcy proceeding and remained enforceable against the Kolls' property. Heidi now contests that ruling, claiming the court erred in deciding the enforceability of the bank's mortgage lien under federal bankruptcy law. She asks us to reverse based on Iowa law governing real property and mortgages.

Finding the district court properly applied the federal principles of lien survival after a debtor obtains a bankruptcy discharge, we affirm the ruling.

## I. Facts and Prior Proceedings

In 2000, Christopher acquired a plot of land in Urbandale as the sole owner. He obtained a loan from Wells Fargo to construct a new house on the real estate. In return, he granted the bank a mortgage on the property, executing a promissory note and security agreement the same day. In late June 2003, Christopher entered a separate agreement with the bank for a home equity line of credit. As security for this loan, the bank again took a non-purchase money second mortgage on the property. Under the governing line-of-credit agreement, Christopher agreed to waive his right to claim a homestead exemption. That waiver provision stated: "I understand that homestead property is in many cases

protected from the claims of creditors and exempt from judicial sale; and that by signing this contract, I voluntarily give up my rights to this protection for this property with respect to claims based upon this contract."

A few weeks later, in mid-July, Christopher and Heidi married and moved in together. They have resided on the Urbandale property as joint tenants since then. Despite their change in marital status, Christopher remained the sole borrower under the earlier agreements.[1]

In May 2018, the Kolls filed for bankruptcy and sought protection under the homestead exemption. Their joint petition scheduled both the construction loan and home equity loan as claims secured by mortgage liens on their homestead with Wells Fargo listed as the sole creditor.[2] The bank received notice of the proceeding but did not file a claim reaffirming its security interest in the Kolls' property. Nor did it object to the homestead exemption. The bankruptcy court ordered the Kolls' discharge in early August.

After the bankruptcy proceeding, Wells Fargo mailed Christopher a notice of right to cure default for missing a payment on his home equity loan. The letter warned that if he failed to cure the default by the specified date, the bank could

---

[1] In 2014, the Kolls refinanced the first loan and executed a new security agreement with the bank as husband and wife. But Heidi did not sign the accompanying promissory note.

[2] In her resistance to the bank's cross-motion for summary judgment, Heidi offered as an exhibit an amended June 2018 bankruptcy petition. The amended petition reclassified Wells Fargo's claim for the 2003 home equity loan from secured to unsecured. In other words, the petition did not show the line of credit was secured by a mortgage lien on the Kolls' property. On appeal, neither Heidi nor Wells Fargo addresses this amendment in their briefs. After reviewing the summary judgment record, we agree with the district court that the bank's second mortgage was properly secured by a lien on the property.

"take steps to terminate [his] ownership in the property by a foreclosure proceeding, which could result in Lender or another person acquiring ownership of the property."

In response, the Kolls' attorney, John Roehrick, asked the bank "to validate an error was made" in sending the default notice. Roehrick pointed out that the Kolls' bankruptcy case discharged Christopher's obligations related to the homestead. Rather than provide that validation, the bank replied: "We've determined the account was handled properly and no corrections are needed as no error has occurred. . . . [T]he Chapter 7 bankruptcy releases the customer from the liability of the account. The lien is still valid and enforceable on the property."

After two years of passivity, in January 2020, Wells Fargo sent Roehrick a statement of Christopher's account reflecting a $69,000 payoff amount for the home equity loan. In reaction to that letter, Heidi brought a declaratory-judgment action against the bank to contest the validity and enforceability of the second mortgage lien.[3] She alleged the line-of-credit agreement between her husband and the bank should be voided because (1) she did not consent to it; (2) the bankruptcy court discharged the obligation; and (3) the mortgage lien impaired her homestead right. She also acknowledged that her husband could not raise those same arguments, noting, "By reason of the non-severance of the homestead, the lien should be avoided on the interest of Christopher Koll as well."

---

[3] Christopher was not a party to the action because he waived the homestead protection when executing the security agreement that established the mortgage lien at issue. Because Heidi did not bind herself to the second mortgage, she relied on her alleged homestead interest to avoid the lien as to both of them.

Wells Fargo moved to dismiss her petition for failure to state a claim upon which relief can be granted. It rejected Heidi's first and third allegations under the "first in time, first in right" maxim, asserting her rights were subject to its encumbrance on the property—given its agreement with Christopher predated their marriage. The bank argued Christopher's waiver of his homestead right under that agreement applied to Heidi for the same reason that the homestead was non-severable. On Heidi's remaining allegation, the bank asserted the bankruptcy discharge did not affect its mortgage lien. Finding Heidi's petition sufficient under the notice-pleading standard, the court denied the bank's motion to dismiss.

From the pleadings, Heidi moved for summary judgment. She claimed the bank's mortgage lien was unenforceable as a matter of law because it impaired her homestead right and did not survive the bankruptcy discharge. In her view, there were no genuine issues of material fact concerning her interest in the property and the effects of the bankruptcy discharge on the debt securing the mortgage.

Disagreeing with Heidi's application of law, Wells Fargo also moved for summary judgment. In its view, both federal bankruptcy law and Iowa's homestead law precluded her summary judgment claims. The bank reiterated Heidi had no bases for relief under the homestead statute because its lien existed before she married Christopher. *See id.* § 561.13. Put differently, Heidi needed to possess her homestead right at the time of, or before, the bank's encumbrance to claim any impairment. As for the bankruptcy discharge, the bank accused Heidi of ignoring the well-established principle of federal bankruptcy law "that a mortgage lien

remains 'intact' even though the personal debt is discharged in bankruptcy." The bank argued Heidi's position that a mortgage lien could *not* survive once the debt had been discharged was incorrect because it stemmed from "ancient Iowa state law cases which merely discuss generic mortgage concepts, outside of bankruptcy."

The district court granted summary judgment to the bank. The court found the federal cases holding that a mortgage lien survived a bankruptcy discharge on point. The court then dismissed Heidi's petition for declaratory judgment, deciding she was not entitled to homestead protection.[4] Heidi appeals.

---

[4] Heidi abandons her homestead argument on appeal. Still, Wells Fargo dedicates the first section of its brief to defending the district court's ruling on this alternative ground. Although not crucial to our analysis, we agree with Wells Fargo that its mortgage lien does not impair Heidi's homestead interest. Under Iowa Code section 561.16, a homestead is generally beyond the reach of creditors. But section 561.21 lists several classes of debts that allow the sale of the homestead. Critical here is the second exception: "Those created by written contract by persons having the power to convey, expressly stipulating that it shall be liable, but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt." *Id.* § 561.21(2). The district court found the timing of the bank's encumbrance dispositive. Because the bank entered the line-of-credit agreement with Christopher when Heidi did not have a homestead interest, the court decided "[her] homestead rights had to necessarily come subject to the already perfected mortgage lien Wells Fargo had on the property." We agree. And given that no one spouse can have a homestead interest greater than the other, the same is true for Christopher's interest. *See Decorah State Bank v. Zidlicky*, 426 N.W.2d 388, 391 (Iowa 1988) ("It is well established that the homestead interests of a husband and wife cannot be split; if the interests of one are not subject to execution, neither are the interests of the other."); *Coyle v. Kujaczynski*, 759 N.W.2d 637, 642 (Iowa Ct. App. 2008) ("Kujaczynski contends she is entitled to a greater interest in the property because she has designated the property as her homestead. We find no authority or support for her claim, and consequently conclude the claim is without merit.").

## II. Scope and Standard of Review

We review a summary judgment ruling for correction of legal error. *Bauer v. Brinkman*, 958 N.W.2d 194, 197 (Iowa 2021). We will uphold the ruling if the record shows no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* As the reviewing court, our inquiry is "limited to whether a genuine issue of material fact exists and whether the district court correctly applied the law." *Pillsbury Co. v. Wells Dairy, Inc.*, 752 N.W.2d 430, 434 (Iowa 2008). Summary judgment is appropriate if "the facts are undisputed and only the legal consequences are at issue." *Breese v. City of Burlington*, 945 N.W.2d 12, 17 (Iowa 2020).

## III. Analysis

We begin by clarifying the scope of this appeal. Heidi does not dispute the district court's finding that Wells Fargo held a secured claim against her property. Nor does she contest the ruling that she was not entitled to homestead protection. The narrow legal question presented is whether the enforceability of a mortgage lien following discharge of the underlying debt must be decided by state law rather than federal bankruptcy law.

Heidi argues the district court erred in relying on federal bankruptcy law to determine the bank's mortgage lien passed through the bankruptcy proceeding and remained enforceable against her property. She claims the court should have relied on Iowa law to resolve the enforceability issue. Although she acknowledges the "substantial body" of federal law governing lien survival post-bankruptcy discharge, she contends those authorities are not compelling once the bankruptcy proceeding is closed. Put another way, Heidi asserts those principles govern only

when the validity and enforceability of a lien is disputed during the bankruptcy case; if it is disputed after bankruptcy, state law controls. Based on that premise, Heidi argues Iowa law prevents enforcement of Wells Fargo's mortgage lien because the underlying debt no longer exists.

To understand the context of this litigation, we must explore what a bankruptcy discharge does and does not do. Under the Bankruptcy Code, a discharge in a Chapter 7 liquidation "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt . . . whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(1). In other words, a discharge releases only the debtors' personal liability on their creditors' claims. *Johnson v. Home State Bank*, 501 U.S. 78, 84 n.5 (1991). By obtaining a bankruptcy discharge, debtors can prevent a creditor from taking any action "to collect, recover or offset" its debts against them personally. 11 U.S.C. § 524(a)(2).

But even if the debtor's personal obligations are discharged, certain creditors can avoid the bankruptcy proceeding while preserving their right to repayment. A fundamental principle of bankruptcy law provides that when a creditor's claim is secured by a mortgage on the debtors' property, "the creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson*, 501 U.S. at 83 (citations omitted). Even when debtors obtain a discharge for their debts, a secured creditor still can bring a foreclosure action and use the sale proceeds to satisfy their obligation. Put simply, a discharge "extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the

debtor *in rem.*" *Id.* at 84. Since *Johnson*, both federal and state courts have reiterated the distinction between *in personam* and *in rem* liability to support the view that a discharge does not void or prevent enforcement of a secured creditor's lien that attached to the debtors' property before their bankruptcy petition. *See Conklin v. Iowa Dist. Ct.*, 482 N.W.2d 444, 447 (Iowa 1992) (collecting cases).

Heidi contests the district court's reliance on those bankruptcy concepts in granting summary judgment to the bank. Beyond claiming a state court cannot rely on federal law to determine the enforceability of a mortgage lien in a post-bankruptcy context, she tries to distance *Johnson*. She does so by focusing on its description of the mortgage interest surviving a Chapter 7 proceeding. In dicta, Justice Marshall reflected: "A mortgage is an interest in real property that secures a creditor's right to repayment." *Johnson*, 501 U.S. at 82. Considering that description, Heidi claims the lien-survival framework adopted in *Johnson* and recited in later decisions does not apply because in Iowa a mortgage is not an interest in real property.

To support her contention, Heidi cites *Clinton County v. Cox*, 37 Iowa 570 (1873), and *Burns v. Burns*, 11 N.W.2d 461 (Iowa 1943), for the general rule that a mortgage is "a mere incident" to the debt, and not an interest in real property. From there, she reasons a lien cannot survive if the debt has been discharged. Because a bankruptcy discharge prevents a creditor from collecting a debt from the debtor personally, according to Heidi, under Iowa law that means the debt is extinguished and the creditor loses its right to proceed against the debtor's property.

Wells Fargo disagrees with Heidi's logic. The bank asserts her argument is flawed because she is "equating a bankruptcy discharge with a debt being paid, forgiven, or otherwise discharged under state law" and "mischaracterizing the effect of a bankruptcy discharge on the underlying debt." We agree. The authorities cited in Heidi's brief do not support a prohibition on the bank's right to pursue *in rem* liability after the bankruptcy proceeding.

As discussed, a bankruptcy discharge extinguishes debtors' personal liability for their creditors' claims. Heidi's assertion that a discharge erases the debt and thereby terminates the bank's right to proceed against the property is unsupported by federal or state law. To the contrary, it is well-established under governing federal principles that a creditor may choose to bypass the bankruptcy proceeding and "enforce its lien in a foreclosure proceeding outside of the bankruptcy." *In re Lane*, 959 F.3d 1226, 1229–30 (9th Cir. 2020) (collecting cases). True, the creditor must prove its secured status. Our record shows Wells Fargo secured its claim under the line-of-credit agreement.[5] Because the creditor's right to foreclose is distinct from its right to proceed against the debtor personally, a bankruptcy discharge does not invalidate the mortgage lien.

Heidi wants us to look beyond those federal principles. Yet in gravitating to state law she overstates the relief afforded by a bankruptcy discharge. The enforceability of the lien depends on what survived the bankruptcy. Heidi claims

---

[5] While the Kolls did file an amended petition listing the home equity debt as unsecured, that proof is insufficient to invalidate the bank's mortgage lien. *See HSBC Bank USA, N.A. v. Hallums*, 192 A.3d 517, 521 (Conn. App. 2018) ("The defendant cannot avoid this conclusion by unilaterally describing in his bankruptcy filings his obligation as something it is not.").

her discharge extinguished the debt. That framing is incorrect. And it fails to recognize the distinction between *in personam* and *in rem* liability. *See Johnson*, 501 U.S. at 84 ("The Court of Appeals thus erred in concluding that the discharge of petitioner's *personal liability* on his promissory notes constituted the complete termination of the Bank's *claim* against petitioner."). The discharge extinguished only one *mode* of enforcing the bank's claim. Thus, we agree with the district court's conclusion that the mortgage lien survived the bankruptcy discharge and remained enforceable against the Kolls' property.

Plus, even under state law, the lien survives. As Wells Fargo points out, the district court cited bankruptcy decisions as persuasive authority but found *Moad v. Neill*, 451 N.W.2d 4 (Iowa Ct. App. 1989) dispositive. There, Neill filed for bankruptcy after the mortgagee bank sold his property at a foreclosure sale. *Id.* at 5. Under the foreclosure decree, the bank obtained a right to collect rents and profits from the real estate to satisfy the deficiency of the debt. *Id.* Neill argued the bank was not entitled to apply the rents to its deficiency judgment because the debt had been discharged in bankruptcy. *Id.* at 8. We rejected his argument based on the general principle that "the discharge in bankruptcy does not affect or prevent enforcement of valid liens existing prior to discharge." *Id.* (collecting cases). We also clarified the timing of foreclosure was insubstantial, noting "it is the date of the existence of the lien" that determines whether the lien survives the bankruptcy. *Id.* (citing *Webber v. King*, 218 N.W. 282, 284 (1928)).

We upheld that principle again in *Norwest Bank Iowa, N.A. v. Corey*, Nos. 1999-382, 9-635, 98-2109, 2000 WL 526681, at *4 (Iowa Ct. App. Apr. 28,

2000). In *Corey*, the district court relied on *Burns* to conclude the mortgage creditor could not enforce its security agreement after the debtor obtained a bankruptcy discharge. Citing *Johnson* as persuasive authority, we rejected that reading of *Burns*. We found "no justification in denying the holder of a distinct and recognized *in rem* claim the relief that party would have enjoyed but for the fortuity of an intervening bankruptcy."

Against those precedents, Heidi's argument fails. Under both federal and state law, the bank could bypass the bankruptcy proceeding, yet preserve its *in rem* claim. Because the bank obtained its mortgage lien fifteen years before Heidi's bankruptcy petition, Wells Fargo was entitled to judgment as a matter of law that its lien survived the discharge of her personable obligations.

**AFFIRMED.**